David Mara, Esq. (SBN 230498)
dmara@maralawfirm.com
Jill Vecchi, Esq. (SBN 299333)
jvecchi@maralawfirm.com
Matthew Crawford, Esq. (SBN 310230)
mcrawford@maralawfirm.com
**MARA LAW FIRM, PC**
2650 Camino del Rio North, Suite 302
San Diego, CA 92108
Telephone:    619.234.2833
Facsimile:    619.234.4048

Attorneys for Plaintiff ANA ROSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ROSE, an individual, on behalf of herself and all other similarly situated employees<br><br>Plaintiff,<br><br>v.<br><br>PAYWARD, INC. dba KRAKEN; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION COMPLAINT FOR MONETARY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**<br><br>1. **Overtime Wages Under the Fair Labor Standards Act, 29 U.S.C. § 207** |

Plaintiff ANA ROSE ("Plaintiff"), an individual, files this Fair Labor Standards Act ("FLSA") Complaint against Defendant PAYWARD, INC. dba KRAKEN (hereinafter "Defendant") and/or DOES 1-100.

## I. INTRODUCTION

1. Plaintiff brings this FLSA collective action to recover overtime compensation on behalf of all current and former client engagement employees of Defendant in the United States who were paid a salary, not paid overtime, and were classified as exempt during the period beginning on the date three (3) years prior to the filing of this Complaint, up through the present and until compliance with the law occurs ("Collective Employees"). This collective action is brought because of Defendant's unlawful policy of classifying these employees as exempt from overtime and regularly subjecting them to working in excess of forty hours a week without overtime compensation.

2. Plaintiff and the Collective Employees did not, and currently do not, perform any work that meets the definition of any exemption under the FLSA, and Defendant's pay practices are clearly unlawful. The majority of Plaintiff's and the Collective Employees' work involves interfacing with customers via social media platforms and such basic customer service work does not satisfy the professional, executive, administrative, computer employee exemptions – or any other exemption - for overtime purposes.

3. Plaintiff also brings this case on behalf of the Collective Employees for violating the FLSA's mandatory record keeping requirements such as start and end times and meal periods that it is obligated to keep for non-exempt employees.

## II. JURISDICTION AND VENUE

4. Plaintiff is an individual residing in Arizona. Plaintiff was an employee of Defendant and/or DOES, and/or its operating divisions and subsidiaries, within the United States.

5. Defendant's principal place of business is 100 Pine Street, Suite 1250, San Francisco, CA 94111.

6. The amounts in controversy here exceed $75,000. Thus, as Plaintiff and Defendants reside in different states, Diversity Jurisdiction is proper under 28 U.S.C. 1332. Also, as the causes of

action arise under the federal FLSA, federal question jurisdiction is also proper under 28 U.S.C. 1331.

7. Venue in the Northern District of California is also proper under 28 U.S.C. 1391, as Defendant's principal place of business is within the Northern District and a substantial part of the events and omissions giving rise to this action occurred in this District.

### III. THE PARTIES

**A. Plaintiff**

8. Plaintiff, a former employee of Defendant and/or DOES, worked for Defendant and/or DOES as a client engagement specialist within the United States. In this position, Plaintiff was classified by Defendant and/or DOES as exempt from overtime compensation. Plaintiff was a client engagement specialist for Defendant and/or DOES from approximately August 1, 2021, to approximately November 8, 2023. Her general work duties involved interfacing with the social media community about Defendant.

9. Plaintiff brings her claims individually, and as a 29 U.S.C. 216(b) FLSA Collective Action on behalf of a similarly situated national class, defined as all client engagement employees of Defendant in the United States who were paid a salary during the period beginning on the date three (3) years prior to the filing of this Complaint, up through the present and until compliance with the law occurs.

10. The amount in controversy for the aggregate claim of FLSA Collective Members is over five million dollars.

**B. Collective Employee Definition**

11. Plaintiff brings her claims individually, and as a 29 U.S.C. 216(b) FLSA Collective Action on behalf of a similarly situated national class, defined as all client engagement employees of Defendant in the United States who were paid a salary, not paid overtime compensation for work over forty hours in a week, and were classified as exempt during the period beginning on the date three (3) years prior to the filing of this Complaint, up through the present and until compliance with the law occurs.

///

**C.    Defendant**

12. Defendant and/or DOES is a cryptocurrency exchange that allows users to buy, sell, and trade digital assets like Bitcoin and Ethereum. In essence, Defendant facilitates the exchange of cryptocurrency for other cryptocurrencies or fiat currencies (like USD).

13. Defendant's principal place of business is in San Francisco, CA.

14. Plaintiff is informed and believes and based thereon allege that at all relevant times, Defendants were each acting as the agent, joint-venturer, an integrated enterprise, and/or alter ego for each other and each were the co-conspirators with respect to the acts and wrongful conduct alleged herein so that each is responsible for the acts of the other.

15. To the extent that said conduct and/or omissions were perpetrated by Defendants and their agents, Defendants confirmed and ratified said conduct and/or omissions and acted within the course and scope of said agency. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegations and reference shall also be deemed to mean the acts and omissions of each Defendant acting individually, jointly, and severally.

### IV.    COLLECTIVE FACTUAL BACKGROUND

16. Plaintiff, a former employee of Defendant and/or DOES, was classified by Defendant and/or DOES as exempt from overtime compensation. Plaintiff worked for Defendant and/or DOES as a client engagement specialist within the United States. Plaintiff was a client engagement specialist from approximately August 1, 2021, to approximately November 8, 2023. Her general work duties involved interfacing with the social media community about Defendant.

17. Defendant routinely required Plaintiff and the Collective Employees to work over forty hours in a week, but did not pay overtime compensation. Plaintiff's and the Collective Employee's regularly scheduled workweek at all times herein included more than forty hours of work and thus as part of their regularly scheduled workweek, Plaintiff and the Collective Employees were entitled to overtime compensation when they worked over forty hours. Defendant, however, failed to pay Plaintiff and the Collective Employees overtime compensation when they worked over forty hour workweeks.

18. This is because, Defendant relied on its misclassification regime and compensated Plaintiff

and the Collective Employees exclusively on a salary basis that did not account for the time worked or the overtime hours worked. Thus, whenever Plaintiff and the Collective Employees worked over forty hours in a week, Defendant did not pay any additional compensation and did not pay overtime premiums in violation of 29 U.S.C. § 207.

19. Defendant's violations of its overtime obligations under 29 U.S.C. § 207 were willful and deliberate. Defendant knew that Plaintiff and the Collective Employees worked more than forty hours in a week and willfully did not pay them overtime compensation. Defendant knew Plaintiff and the Collective Employees did not satisfy any exemption to the FLSA's overtime requirements and thus subjecting employees to work more than forty hours in a week without providing overtime was not accidental, but was a willful, designed scheme to save Defendant considerable money at the expense of its employees like Plaintiff and the Collective Employees.

20. Defendant engaged in a uniform pattern, practice, and policy of depriving Plaintiff and the Collective Employees of overtime compensation by subjecting them to several hours worked beyond forty hours in a workweek but failing to pay overtime compensation for these hours. Defendant uniformly contracted with Plaintiff and the Collective Employees whereby Defendant misclassified Plaintiff and Collective Employees as exempt employees and deprived them of overtime compensation by paying them a salary.

21. Plaintiff and Collective Employees regularly worked over forty hours in a workweek pursuant to their regular workweek demands of Defendant and were paid no overtime premiums.

22. Defendant placed uniform work expectations on Plaintiff and Collective Employees, which establish that Plaintiff and the Collective Employees did not perform any work within one of the accepted exemptions under the FLSA. These uniform work expectations required Plaintiff and the class to predominantly perform customer outreach through social media platforms. Thus, the job description for Plaintiff and Collective Employees aptly was Client Outreach Specialists. These uniform work expectations Defendant maintains and provides to Plaintiff and Collective Employees establishes Defendant misclassified Plaintiff and Collective Employees as exempt.

23. Plaintiff is informed and believes and thereon alleges that Defendant failed to keep accurate records establishing the amount of hours they worked on each workday and workweek in violation of 29 CFR part 516. Defendant's uniform failure to keep these records establishes its liability under 29 CFR part 516.

24. Although Defendant has kept inaccurate time records – as it blindly relied on its misclassification regime – Plaintiff and the Collective Employees can establish their hours worked over forty and thus damages for overtime compensation through common predominating evidence of computer applications Plaintiff and Collective Employees would use throughout their workday. As Defendant has failed to satisfy its obligation of keeping time records, Plaintiff and the Collective Employees are permitted to prove their damages through these and other alternative means. *Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680.

25. All of Defendant's actions herein have been deliberate, calculated, and willful at all times. Defendant engaged in this uniform course of conduct of depriving Plaintiff and the Collective Employees of overtime compensation through its uniform misclassification regime to willfully and deliberately avoid paying overtime compensation to Plaintiff and the Collective Employees when they work over forty hours in a workweek.

26. Plaintiff can protect and represent the FLSA Collective Employees, and she is willing, able to and consents to do so. Plaintiff is familiar with the pay practices, as she suffered under them. She is also familiar with Defendant's policies and procedures. Plaintiff has no interests that are antagonistic to any member of the Collective.

27. Plaintiff suffered violations of overtime under Defendant's policies and practices of uniformly misclassifying her and Collective Employees as exempt and thus is typical of the Collective Employees who have also suffered under these policies and procedures.

28. Counsel for Plaintiff can adequately protect the interests of the class as Plaintiff has represented employees for similar claims for several years and Mara Law Firm, PC is devoted to representing classes and collectives of employees for similar wage and hour abuses in federal courts.

29. Plaintiff is informed and believes that the Collective Employees number more than 50 and

therefore joinder of all members is impractical.

30. Resolving this dispute as a collective action, rather than an individual actions is superior because the claims involve the same common nucleus of facts – i.e., Defendant's policies and procedures of uniformly misclassifying Plaintiff and the Collective Employees as exempt employees and Defendant's uniform policies regarding work expectations of Plaintiff and the Collective Employees. Because the claims of numerous employees will be resolved by determinations of the lawfulness of Defendant's uniformly applicable policy of depriving of overtime compensation, collective action treatment is superior to numerous individual actions that would result in duplicative litigation efforts and potentially inconsistent outcomes.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT AND/DOES: Failure to Pay Overtime Compensation in violation of 29 U.S.C. §207**

31. Plaintiff re-alleges and hereby incorporates each and every paragraph of this Complaint herein as if fully plead.

32. Under 29 U.S.C. § 207, employers must compensate employees at a rate of not less than one and one-half times the regular rate at which the employee is employed whenever the employee works over forty hours in a workweek.

33. Hiding behind its uniform policy of misclassifying Plaintiff and the Collective Employees as exempt employees, Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the FLSA by failing to pay overtime compensation mandated under § 207 when Plaintiff and the Collective Employees worked over forty hours in a workweek.

34. Plaintiff and the Collective Employees were regularly scheduled to work hours that exceeded forty as part of their regular work duties. Plaintiff and the Collective Employees, however, never were paid overtime compensation. They only received the salary compensation, despite the fact that Plaintiff and the Collective Employees do not perform any work defined as a permitted exemption from the FLSA's overtime requirements. Plaintiff and the Collective Employees were essentially customer service representatives assisting customers and potential customers on various social media platforms. None of this work constitutes executive,

professional, administrative, computer employee, or any other recognized exemption to the overtime requirements under the FLSA.

35. Thus, Defendant violated the FLSA in each workweek in which Plaintiff and the Collective Employees worked more than forty hours in a workweek, which was nearly every week as Defendant regularly scheduled Plaintiff and the Collective Employees to work in excess of forty hours each workweek at all times discussed herein.

36. Defendant's timekeeping requirements should be declared as unlawful and in violation of 29 CFR part 516, as well as declared unreliable, inaccurate, and inadmissible.

37. Defendant had a duty to accurately track and report all hours worked during the work day and workweek. Defendant, however, uniformly failed to record all hours worked. Plaintiff and the Collective Employees, however, can track the total hours worked through alternative means, such as applications Defendant required them to work in while performing their work. These alternative means are acceptable where, as here, Defendant has failed to maintain its burden to record all hours worked.

38. Defendant's actions were willful violations of the FLSA, as they willfully refused to pay overtime and willfully misclassified Plaintiff and the Collective Employees as exempt employees.

39. Defendant has willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the Collective Employees for all work hours over forty hours in a week at an amount of no less than one and one-half their regular rate of pay.

40. Defendants encouraged and pressured Plaintiff and the Collective Employees to work as many hours as they needed to complete their work responsibilities. Those regular work responsibilities required work over forty hours in a workweek. When Plaintiff and the Collective Employees worked over forty hours in a workweek, which was nearly every workweek because their regularly scheduled work duties required them to work more than forty hours in a week, they did not receive overtime compensation. They just received the same salary amount.

41. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Collective

Employees have suffered economic damages.

42. As a result of Defendants unlawful acts and pay practices described herein, which applied to all equally, Plaintiff and the Collective Employees have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amounts equal to the overtime wages due, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b), as well as injunctive relief pursuant to 29 U.S.C. § 217.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendant and/or DOES, jointly and severally, as follows:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to join this action as plaintiffs pursuant to § 216(b) and that notice be sent to all past and present Collective Employees of Defendant who were employed by Defendant to and through the date of this Court's issuance of the Court supervised notice.

B. That the Court find Defendant in violation of the overtime compensation provisions of the FLSA and that the Court find Defendant's violations of the FLSA were and are willful.

C. That the Court award Plaintiff and the Collective Employees overtime compensation for all the previous hours worked over forty hours in a workweek at the rate of time and one half their regular rates of pay during the past three years, and an equal sum in liquidated damages. In addition, the Court award interest on said award pursuant to § 216 of the FLSA.

D. That the Court award Plaintiff a collective action representative fee or service award for her efforts and time dedicated to bringing justice through this action, rather than pursuing an individual action.

E. That the Court award attorneys' fees and costs to Plaintiff's counsel.

F. That the Court award pre-judgment and post-judgment interest.

G. That the Court declare Defendant's record keeping practices are in violation of the FLSA and specifically CFR part 516, and that the Court should declare Defendant's pay records to be inaccurate, unreliable, and inadmissible, or at a minimum, a jury instruction given to such an effect.

H. That the Court declare and appoint David Mara, Esq. Matthew Crawford, Esq. and Jill Vecchi, Esq. as counsel for Plaintiff and the Collective Employees.

I. Injunctive and declaratory relief, to require Defendant and/or DOES to comply with the law as complained of herein.

J. Such other and further relief as this honorable Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

**MARA LAW FIRM, PC**

Date:  April 22, 2025          Signed:     */s/ David Mara*
                                          David Mara, Esq.
                                          Jill Vecchi, Esq.
                                          Matthew Crawford, Esq.
                                          Attorneys for Plaintiff Ana Rose