David Mara, Esq. (SBN 230498)
dmara@maralawfirm.com
Jill Vecchi, Esq. (SBN 299333)
jvecchi@maralawfirm.com
Matthew Crawford, Esq. (SBN 310230)
mcrawford@maralawfirm.com
**MARA LAW FIRM, PC**
2650 Camino del Rio North, Suite 302
San Diego, CA 92108
Telephone:     619.234.2833
Facsimile:     619.234.4048

Attorneys for Plaintiff ANA ROSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ROSE, an individual, on behalf of herself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>PAYWARD, INC. dba KRAKEN; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:25-cv-03524-TLT<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND COURT AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)**<br><br>Honorable Trina L. Thompson<br>Courtroom 9<br><br>Date: September 23, 2025<br>Time: 2:00 p.m.<br><br>Action Filed: 4/22/25<br>Trial Date: None Set. |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 2

    A.  Plaintiff Has Filed Written Consent and Conditional Certification is Appropriate .................. 2

    B.  Plaintiff has Substantially Alleged that She is Similarly Situated and Defendant's Factual Dispute is Irrelevant and Unmeritorious ................................................................................ 3

    C.  Defendant Does Not Dispute that Client Engagement Specialists Are Similarly Situated ...... 5

III. PLAINTIFF'S PROPOSED NOTICE IS FAIR AND IMPARTIAL ...................................... 6

    A.  The Notice Period Should Extend to Three Years From the Complaint ................................ 6

    B.  The Opt-In Period of Ninety-Days is Presumptively Reasonable .......................................... 7

    C.  Notice Does Not Need to Warn Opt-In Plaintiffs About Potential Liability and Obligations . 8

    D.  The Notice and Consent Do Not Imply that Opt-Ins Must be Represented by Plaintiff's Counsel ................................................................................................................................ 9

    E.  The Notice Caption Does Not Imply Judicial Enforcement ................................................ 10

    F.  The Revised Notice Adds in Defendant's Denial of Liability ............................................. 10

    G.  Defendant's Contact Information is Unnecessary and Would Only Create Confusion ...... 10

    H.  Plaintiff's Exact Distribution Plan Has Been Regularly Accepted and Endorsed by This District and the Ninth Circuit ............................................................................................. 11

IV.  CONCLUSION ................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Inter-Con Sec. Sys.* (N.D. Cal. Apr. 6, 2007) 242 F.R.D. 530 .............................................. 9

*Basham v. Tailored Living Choices, LLC* (N.D. Cal. Feb. 16, 2024) 2024 U.S. Dist. LEXIS 27977.. 3

*Bonner v. SFO Shuttle Bus Co.* (N.D. Cal. Nov. 21, 2013) 2013 U.S. Dist. LEXIS 166667............. 10

*Campbell v. City of Los Angeles* (9th Cir. 2018) 903 F.3d 1090........................................................... 4

*Costa v. Apple, Inc.* (N.D. Cal. Nov. 21, 2023) 2023 U.S. Dist. LEXIS 208816.......................... 12, 13

*Coyne v. Las Vegas Metro. Police Dep't* (D.Nev. Aug. 15, 2023) 2023 U.S. Dist. LEXIS 143215 .... 3

*De La Luz Bautista-Perez v. Juul Labs, Inc.* (N.D. Cal. Apr. 27, 2021) 2021 U.S. Dist. LEXIS 80631 .................................................................................................................................................... 10

*Dominguez v. Better Mortg. Corp.* (C.D. Cal. Oct. 24, 2022)  2022 U.S. Dist. LEXIS 198305.... 7, 9, 12, 13

*Flores v. Elite Staffing Servs., LLC* (D. Ariz. Apr. 3, 2025) 2025 U.S. Dist. LEXIS 63846............ 8, 9

*Flores v. Velocity Express, Inc.* (N.D. Cal. June 2, 2013) 2013 U.S. Dist. LEXIS 77821 ........... 10, 11

*Forsyth v. HP Inc.* (N.D. Cal. Apr. 13, 2021)  2021 U.S. Dist. LEXIS 71303..................................... 9

*Geiger v. Charter Communs. Inc.* (C.D. Cal. May 13, 2019) 2019 U.S. Dist. LEXIS 228458............ 9

*Grayson v. K Mart Corp.* (11th Cir. 1996) 79 F.3d 1086...................................................................... 4

*Harris v. Vector Mktg. Corp.* (N.D. Cal. May 18, 2010) 716 F. Supp. 2d 835 .................................... 3

*Herrera v. EOS IT Mgmt. Sols., Inc.* (N.D. Cal. Dec. 14, 2020) 2020 U.S. Dist. LEXIS 235832 4, 6, 7

*Holifield v. NexusCw, Inc.* (S.D. Cal. Aug. 20, 2024) 2024 U.S. Dist. LEXIS 149038 ............... 12, 13

*Hyneman v. PRA Events Inc.* (D. Ariz. Jan. 21, 2025) 2025 U.S. Dist. LEXIS 11864 ........................ 3

*Kress v. PricewaterhouseCoopers, LLP* (E.D. Cal. Nov. 25, 2009) 263 F.R.D. 623 ........................... 3

*Lescinsky v. Clark County Sch. Dist.* (D. Nev. 2021) 517 F. Supp. 3d 1150 ....................................... 2

*Luque v. AT&T Corp.* (N.D. Cal. Nov. 19, 2010) 2010 U.S. Dist. LEXIS 126545 ............................. 4

*Mejia v. Bimbo Bakeries USA, Inc.* (D. Ariz. Aug. 14, 2017) 2017 U.S. Dist. LEXIS 222183........... 3

*Myers v. Gilead Scis., Inc.* (N.D. Cal. Mar. 20, 2025) 2025 U.S. Dist. LEXIS 51951................. 12, 13

*Ortiz v. Amazon.com LLC* (N.D. Cal. Jan. 12, 2018) 2018 U.S. Dist. LEXIS 229693 ........................ 2

*Prentice v. Fund for Pub. Interest Research, Inc.* (N.D. Cal. Sept. 18, 2007) 2007 U.S. Dist. LEXIS 71122 .................................................................................................................................... 4, 8

*Russell v. Swick Mining Servs. USA* (D. Ariz. Apr. 14, 2017) 2017 U.S. Dist. LEXIS 57516 ............ 9

*Sablowsky v. Auto-Chlor Sys., LLC* (N.D. Cal. Oct. 31, 2023) 2023 U.S. Dist. LEXIS 245726 ......... 7

*Saleh v. Valbin Corp.* (N.D. Cal. Nov. 2, 2017) 297 F. Supp. 3d 1025 ................................................. 3

*Sanchez v. Sephora USA, Inc*. (N.D. Cal. July 17, 2012) 2012 U.S. Dist. LEXIS 99924 ................ 3, 7

*Williams v. U.S. Bank N.A* (E.D. Cal. June 20, 2013) 290 F.R.D. 600 ................................................. 7

*Zeman v. Twitter, Inc.* (N.D. Cal. Aug. 28, 2024) 747 F. Supp. 3d 1275 ............................ 7, 10, 11, 13

**I.   INTRODUCTION**

Plaintiff seeks conditional certification for a collective consisting of current and former employees of Defendant, Payward, Inc. dba Kraken (hereinafter "Defendant"), who worked as Client Engagement Specialists. This case is ideally suited for conditional certification considering it simply asks whether Defendant improperly classified Plaintiff and other Client Engagement Specialists as exempt and thus unlawfully failed to pay overtime and keep accurate records of the hours worked.

Notably, in its Opposition, Defendant does not contest that Client Engagement Specialists are similarly situated. Defendant does not refute that Client Engagement Specialists have common expectations and responsibilities, are uniformly classified as exempt, and are not paid any overtime compensation. Thus, this case is prime for conditional certification considering Plaintiff has substantially alleged, and Defendant does not dispute, that Client Engagement Specialists are similarly situated with respect to the material aspects of the claimed violations.

Despite this, Defendant attempts to defeat certification on irrelevant and unmeritorious grounds. Defendant first argues that certification should be denied because Plaintiff did not have a written consent to join the collective action on file. However, this point has been rendered moot given Plaintiff filed a written consent to join the collective on June 27, 2025. *See* ECF No. 17.

Additionally, Defendant attempts to create a factual dispute that Plaintiff was not actually a Client Engagement Specialist during the time she alleges. Courts in the Northern District and Ninth Circuit have routinely and repeatedly held that factual disputes are irrelevant and impermissible at this preliminary notice stage. Instead, the focus at conditional certification is only on whether Plaintiff has substantially alleged that similarly situated collective members exist such that notice should be sent out. Again, Defendant does not dispute that, as alleged, Client Engagement Specialists are similarly situated. Defendant also does not dispute that Plaintiff substantially alleges that she was employed as a Client Engagement Specialist from August 11, 2021, through November 8, 2023. Instead, Defendant argues that this allegation regarding Plaintiff's time as a Client Engagement Specialist is not true. Defendant claims, based on its evidence and declarations, that Plaintiff was promoted to a Client Engagement Team Lead in November 2021 rather than November 2023, and thus Plaintiff cannot serve as a member of the collective given she was not similarly situated as a Client Engagement

Specialist. However, this is clearly an irrelevant factual dispute which is not pertinent at conditional certification.

Moreover, even if Defendant's contradictory evidence were considered, it is ultimately meritless. While Defendant attempts to argue that Plaintiff was promoted to a Client Engagement Team Lead in November 2021, Plaintiff's actual job offer for that exact position is dated for November 29, 2023. *See* Supplemental Declaration of David Mara, **Exhibit A** at p.1.

Lastly, Defendant baselessly argues that there are multiple defects in Plaintiff's Proposed Notice and Distribution Plan. While Plaintiff has agreed to make some minor revisions based on Defendant's suggestions, nearly all of Defendant's arguments against the Notice have been routinely rejected by this District and the Ninth Circuit on numerous occasions. Plaintiff has provided a Revised Notice and Distribution Plan which reflects the minor changes made in the Supplemental Declaration of David Mara in **Exhibit B**. Therefore, this Court is respectfully requested to grant conditional certification and approve of the proposed notice so that putative collective members may be timely informed of their rights and decide whether to opt-in.

## II.     ARGUMENT

### A. Plaintiff Has Filed Written Consent and Conditional Certification is Appropriate

Defendant argues that conditional certification should be denied because Plaintiff did not have a written consent to join the collective action on file. This argument has been rendered completely moot as Plaintiff filed a written consent to join the collective on June 27, 2025. *See* ECF No. 17; 29 U.S.C. § 256 (noting an action is commenced on the "date on which such written consent is filed in the court in which the action was commenced").

Defendant relies on *Lescinsky v. Clark County Sch. Dist.* (D. Nev. 2021) 517 F. Supp. 3d 1150 for support. However, the court in *Lescinsky* cites to the Northern District of California and notes that Defendant's argument is largely irrelevant when a plaintiff subsequently files a written consent after the opposition points out the issue. *See Lecinsky, supra,* 517 F.Supp 3d at 1151 n.2 (citing *Ortiz v. Amazon.com LLC* (N.D. Cal. Jan. 12, 2018) 2018 U.S. Dist. LEXIS 229693 at *5 n.2). Therefore, there is no issue with certification and Defendant's argument is moot.

### B. Plaintiff has Substantially Alleged that She is Similarly Situated and Defendant's Factual Dispute is Irrelevant and Unmeritorious

Defendant's argument that Plaintiff is not similarly situated to other proposed collective members is entirely premised on its belief that Plaintiff was a Client Engagement Team Lead rather than a Client Engagement Specialist from November 2021 onward. Given this, Defendant contends that Plaintiff cannot be considered a member of the Collective. In other words, Defendant's entire argument against conditional certification rests on a factual dispute against Plaintiff's allegation that she was a Client Engagement Specialist until November 2023. However, Defendant completely misunderstands the inquiry at conditional certification as this factual dispute is irrelevant at this preliminary notice stage.

Courts in the Northern District and the Ninth Circuit have routinely rejected similar fact-based arguments and expressed that at conditional certification "**it is not the Court's role to resolve factual disputes** . . . ." *E.g., Saleh v. Valbin Corp.* (N.D. Cal. Nov. 2, 2017) 297 F. Supp. 3d 1025, 1034 (emphasis added); *Basham v. Tailored Living Choices, LLC* (N.D. Cal. Feb. 16, 2024) 2024 U.S. Dist. LEXIS 27977 *1, *12; *Mejia v. Bimbo Bakeries USA, Inc.* (D. Ariz. Aug. 14, 2017) 2017 U.S. Dist. LEXIS 222183*1, *7; *Coyne v. Las Vegas Metro. Police Dep't* (D.Nev. Aug. 15, 2023) 2023 U.S. Dist. LEXIS 143215, *1, *8 (noting "at this procedural stage, the court does not resolve factual disputes").

In actuality, at this preliminary stage, "**courts need not consider evidence provided by defendants**." *E.g., Kress v. PricewaterhouseCoopers, LLP* (E.D. Cal. Nov. 25, 2009) 263 F.R.D. 623, 628 (emphasis added); *Sanchez v. Sephora USA, Inc.* (N.D. Cal. July 17, 2012) 2012 U.S. Dist. LEXIS 99924 *1, *13; *Hyneman v. PRA Events Inc.* (D. Ariz. Jan. 21, 2025) 2025 U.S. Dist. LEXIS 11864*1, *3.

Courts routinely grant conditional certification despite contradicting evidence and declarations by defendants. *E.g., Harris v. Vector Mktg. Corp.* (N.D. Cal. May 18, 2010) 716 F. Supp. 2d 835, 838 (holding defendant's competing declarations did not preclude certification given such evidence simply creates a "he-said-she-said situation" which is not relevant at the first stage); *Saleh*, *supra,* 297 F. Supp. 3d at 1034 (rejecting defendant's argument and competing evidence suggesting that plaintiff

1  was not similarly situated given defendant's evidence merely created factual disputes which were not
2  pertinent at the notice stage); *Luque v. AT&T Corp.* (N.D. Cal. Nov. 19, 2010) 2010 U.S. Dist. LEXIS
3  126545*1, *14-17 (granting certification where plaintiffs provided "some evidence of similarity" and
4  completely disregarding defendants' thirty declarations contradicting plaintiffs' allegations); *see also*
5  *Grayson v. K Mart Corp.* (11th Cir. 1996) 79 F.3d 1086, 1099 n.17 (upholding the district court's
6  grant of conditional certification even where defendant provided affidavits and deposition testimony
7  which contradicted plaintiffs' factual allegations).

8        Again, the inquiry at conditional certification centers around "whether the putative collective
9  members are similarly situated **with respect to plaintiff's allegations** [,]" such that these putative
10 collective members would benefit by being notified of the action. *Herrera v. EOS IT Mgmt. Sols., Inc.*
11 (N.D. Cal. Dec. 14, 2020) 2020 U.S. Dist. LEXIS 235832 *1, *7 (emphasis added). The burden of
12 substantiating these allegations is incredibly lenient and typically results in certification considering
13 this stage occurs before much, if any, discovery. *See e.g., Prentice v. Fund for Pub. Interest Research,*
14 *Inc.* (N.D. Cal. Sept. 18, 2007) 2007 U.S. Dist. LEXIS 71122 *1, *5; *Campbell v. City of Los Angeles*
15 (9th Cir. 2018) 903 F.3d 1090, 1109 (noting that conditional certification is typically determined on a
16 review of the pleadings and the consideration is "loosely akin to a plausibility standard").

17       As set forth above, while Defendant attempts to inject its contradictory evidence to show that
18 Plaintiff is not similarly situated, Defendant's competing evidence is irrelevant at this point and can
19 be disregarded. The focus at this stage is entirely on whether Plaintiff has sufficiently alleged that she
20 was similarly situated with other Client Engagement Specialists through her complaint and supporting
21 evidence, such that other current or former Client Engagement Specialists should be notified of the
22 action. Critically, Defendant does not dispute in its Opposition that Plaintiff has substantially alleged
23 that Client Engagement Specialists are similarly situated, which is the key inquiry at conditional
24 certification. Rather, Defendant itself seems to concede that Client Engagement Specialists are
25 similarly situated given Defendant's sole argument against certification is that Plaintiff was no longer
26 similarly situated *after* she was promoted to the position of Client Engagement Team Lead.

27       Defendant also does not deny that Plaintiff alleges that she was a Client Engagement Specialist
28 from around August 11, 2021, to around November of 2023. Instead, Defendant argues that this fact

is not true based on its evidence. Specifically, Defendant contends that Plaintiff was promoted to a Client Engagement Team Lead in November 2021 and not in November 2023 like Plaintiff alleged. However, this is clearly a factual dispute which has routinely been found to be inappropriate at this stage.  Plaintiff explicitly and directly alleges in her complaint that she was a Client Engagement Specialist from approximately August 11, 2021, to around November 8, 2023.  *See* ECF No. (Compl.) ¶ 16. Plaintiff then provides additional evidentiary support through her declaration which also dictates that she was a Client Engagement Specialist until November of 2023.  *See* Declaration of Ana Rose ¶ 2 ("Rose Dec."). Thus, it cannot be disputed that Plaintiff substantially alleges she was similarly situated to other Client Engagement Specialists. Following the precedent established above, Defendant's subsequent attempt to create a factual dispute by claiming Plaintiff was promoted two years prior goes outside the inquiry at this stage and should be completely disregarded.

Moreover, even if Defendant's argument and evidence were considered (it should not), Defendant's position lacks factual merit. While, Defendant claims Plaintiff was promoted to a Client Engagement Team Lead in November 2021, Plaintiff's personnel file -- which Defendant produced -- reveals a different story. Notably, Plaintiff's job offer for the position of Client Engagement Team Lead is dated for November 29, 2023, where the position was to begin on January 1, 2024. *See* Supplemental Declaration of David Mara, **Exhibit A** at p.1. ("Supp. Mara Dec."). The job offer in Plaintiff's personnel file which immediately precedes the Team Lead position is the Client Engagement Specialist offer, dated for August 11, 2021. *See* Declaration of David Mara, **Exhibit 1** at p.1 ("Mara Dec."). This directly contradicts Defendant's assertion that Plaintiff was promoted to a Client Engagement Team Lead in November of 2021 and thus was not similarly situated as a Client Engagement Specialist.  Therefore, Defendant's argument fails and conditional certification should be granted.

### C. Defendant Does Not Dispute that Client Engagement Specialists Are Similarly Situated

Defendant's argument against conditional certification rests entirely on its factual dispute that Plaintiff is not a member of the Collective and not similarly situated because she was supposedly promoted in November of 2021 rather than November of 2023.  As discussed above, this fact-based

argument is not only irrelevant but is completely unmeritorious. In making this argument, Defendant distracts from the central focus of conditional certification, which "is essentially whether there are potentially similarly situated class members who would benefit from receiving notice." *See e.g., Herrera v. EOS IT Mgmt. Sols., Inc.* (N.D. Cal. Dec. 14, 2020) 2020 U.S. Dist. LEXIS 235832 *1, *7.

As discussed in depth in Plaintiff's Motion for Conditional Certification, Plaintiff has substantially alleged that other current and former Client Engagement Specialists are similarly situated with respect to all of the matters material to the claimed FLSA violations. Plaintiff plausibly demonstrated that putative collective members share the same job expectations and duties (which are not subject to an exemption), are paid only on a salary basis, and are all improperly classified as exempt and forced to work over 40 hours without overtime compensation. Nowhere in its Opposition does Defendant suggest that its Client Engagement Specialists are not similarly situated. Defendant does not refute that Client Engagement Specialists share the same job requirements, duties, expectations, and uniform exempt classification. Therefore, at this stage, it is completely uncontested that Client Engagement Specialists are similarly situated, such that notice should be sent out. Resolution for the Collective ultimately boils down to the single, common issue of whether Defendant's uniform exempt classification and subsequent failure to pay overtime and record hours worked is proper. Thus, conditional certification should be granted.

### III.   PLAINTIFF'S PROPOSED NOTICE IS FAIR AND IMPARTIAL

Perhaps sensing the futility in its arguments against conditional certification, the bulk of Defendant's Opposition was spent arguing against Plaintiff's Proposed Notice and Distribution Plan. While Plaintiff is amenable to some of the proposed changes regarding the Notice, as discussed below, nearly all of Defendant's arguments are misguided and have routinely been dismissed by courts in this District and the Ninth Circuit. Accordingly, Plaintiff rejects Defendant's redlines and has provided a Revised Proposed Notice and Distribution Plan for the Court's approval, attached to the Supplemental Declaration of David Mara as **Exhibit B**.

#### A.   The Notice Period Should Extend to Three Years From the Complaint

Defendant contends that the notice period should only include putative collective members employed within three-years from the dissemination of notice to the collective rather than three-years

from the filing of the complaint. However, in *Herrera*, this District explicitly noted, "the three-year notice period corresponds to the date the present action was filed, not the date that the Court decides the instant motion [for conditional certification]. Because the instant complaint was filed on February 11, 2020, the Court adopts February 11, 2017, as the relevant date for the collective action notice period." *Herrera*, *supra,* 2020 U.S. Dist. LEXIS 235832 at *35. Following *Herrera,* Plaintiff maintains that notice should be disseminated to all putative collective members employed by Defendant during the period three years prior to the filing of the complaint.

### B. The Opt-In Period of Ninety-Days is Presumptively Reasonable

Defendant argues that the opt-in period should be set to sixty days rather than ninety days; however, Defendant has failed to provide any persuasive reason to shorten the period. There is a presumption within the Ninth Circuit and this District that ninety-day opt-in periods are reasonable. *See e.g., Dominguez v. Better Mortg. Corp.* (C.D. Cal. Oct. 24, 2022) 2022 U.S. Dist. LEXIS 198305 *1, *19 ("courts in this Circuit regularly grant 90-day opt-in periods for FLSA collective actions"); *Sanchez v. Sephora USA, Inc.* (N.D. Cal. July 17, 2012) 2012 U.S. Dist. LEXIS 99924*1, *17 ("timeframes of sixty to ninety days appear to have become the presumptive standard in this District); *Williams v. U.S. Bank N.A* (E.D. Cal. June 20, 2013) 290 F.R.D. 600, 614 n. 33 (following Ninth Circuit and Northern District cases and approving of a ninety-day period despite defendant's objection that a sixty day periods would also be sufficient).

Defendant has failed to provide any legitimate reason to override the presumption of reasonableness associated with Plaintiff's proposed ninety-day period. Courts in this District have specifically rejected Defendant's position and have suggested that the onus is on Defendant to offer a persuasive reason to shorten the presumptively reasonable ninety-day period. Notably, in *Sablowsky v. Auto-Chlor Sys., LLC* (N.D. Cal. Oct. 31, 2023) 2023 U.S. Dist. LEXIS 245726 *1, the district court rejected Defendant's proposal for a seventy-five-day period given the defendant failed to provide a persuasive reason to depart from Plaintiff's ninety-day period. *Id.* at *14. Similarly, in *Zeman v. Twitter, Inc.* (N.D. Cal. Aug. 28, 2024) 747 F. Supp. 3d 1275, the court refused to shorten the notice to sixty days where the defendant failed to provide a legitimate independent reason for reducing the ninety-day period. *Id.* at 1289.

Defendant suggests that the sixty-day period is favorable under the circumstances and that it will help expedite the litigation; however, Defendant fails to provide any explanation as to how this would meaningfully expedite the proceedings or how it would be favorable under the circumstances. The ninety-day period is not unduly lengthy or likely to cause delay; rather, it is presumed reasonable. Further, Defendant indicates that the sixty-day period is preferable because the roles of Client Engagement Specialists suggest that they are readily reachable and are able to respond promptly. Plaintiff fails to see how this has any reasonable carry-over into the context of the opt-in period. The fact that Client Engagement Specialists may be required to be readily available to provide support to Defendant's customers as part of the job does not indicate that they will respond quickly to a non-customer for something outside their job requirements. If anything, the circumstances of the case suggest that the ninety-day period would be preferable considering Plaintiff alleges putative class members are routinely required to work over forty hours in a week to satisfy their work responsibilities. This indicates that putative collective members may need more time to respond given the demanding expectations of the job. Therefore, Defendant has failed to provide any independent or persuasive reason to justify shortening the ninety-day opt-in period.

### C. Notice Does Not Need to Warn Opt-In Plaintiffs About Potential Liability and Obligations

Defendant contends that potential opt-ins must be informed of their potential discovery obligations including the need to appear for depositions, respond to written discovery, or testify at trial. However, courts in this District and the Ninth Circuit have explicitly rejected this exact argument. Notably, in *Prentice v. Fund for Pub. Interest Research, Inc.* (N.D. Cal. Sept. 18, 2007) 2007 U.S. Dist. LEXIS 71122 *1, the Northern District noted that Defendant's proposed language is unnecessary considering individualized discovery is rarely appropriate in FLSA collective actions. *Id.* at *14. Further, the court noted, "[i]ncluding a warning about possible discovery when that discovery is unlikely will serve no purpose other than deterring potential plaintiffs from joining the suit based on unfounded concerns about the hassle of discovery." *Id.* at *15; *see also Flores v. Elite Staffing Servs., LLC* (D. Ariz. Apr. 3, 2025) 2025 U.S. Dist. LEXIS 63846 *1, *20 (following *Prentice* and finding language informing of potential discovery obligations to be inappropriate); *Russell v. Swick*

*Mining Servs. USA* (D. Ariz. Apr. 14, 2017) 2017 U.S. Dist. LEXIS 57516, *15-16 (noting that such language "may have a chilling effect on recipients who may be unfamiliar with litigation").

Additionally, Defendant contends that the Notice should be revised to advise opt-in plaintiffs that they could be held liable for litigation costs. But again, this argument has regularly been rejected by the Ninth Circuit and found to create an unnecessary chilling effect on participation. *See e.g., Geiger v. Charter Communs. Inc.* (C.D. Cal. May 13, 2019) 2019 U.S. Dist. LEXIS 228458 *1, *20-21("[c]ourts generally agree, however, that including a statement that opt-in plaintiffs may have to bear Defendants' litigation costs would have the unnecessary effect of chilling participation in the suit"); *Flores*, *supra,* 2025 U.S. Dist. LEXIS 63846 at *20 (noting that this cost provision would only serve to deter participation and was unnecessary).

Therefore, Defendant's contention that language should be added to instruct opt-in plaintiffs of litigation costs and obligations is baseless and would only serve to chill participation.

**D. The Notice and Consent Do Not Imply that Opt-Ins Must be Represented by Plaintiff's Counsel**

Defendant mischaracterizes Plaintiff's Notice and argues that it implies that opt-ins must be represented by Plaintiff's counsel. This is explicitly false considering the plain language of the Notice states that opt-in plaintiffs "may contact an attorney of [their] choice at [their] own expense." Thus, opt-in plaintiffs are specifically instructed that they may obtain their own counsel. Moreover, Defendant's assertion that Plaintiff must specifically instruct potential plaintiffs of the option to select their own counsel has been directly rejected by this District and the Ninth Circuit. *See e.g. Forsyth v. HP Inc.* (N.D. Cal. Apr. 13, 2021) 2021 U.S. Dist. LEXIS 71303*1, *28 (quoting *Adams v. Inter-Con Sec. Sys.* (N.D. Cal. Apr. 6, 2007) 242 F.R.D. 530, 541 and noting language "[s]uggesting that a plaintiff may opt in and bring her own lawyer along would lead to confusion, inefficiency, and cumbersome proceedings"); *Dominguez*, *supra*, 2022 U.S. Dist. LEXIS 198305 at *23 (following *Forsyth* and finding that including this provision would lead to unnecessary complication considering putative collective members who do not wish to be represented by plaintiff's counsel are free to pursue their claims separately). Accordingly, Plaintiff's Notice and Consent does not need to be amended as

Defendant suggests given it would only lead to unnecessary complication and cumbersome proceedings.

### E. The Notice Caption Does Not Imply Judicial Enforcement

Defendant claims that the use of a court caption at the top of the Notice is an impermissible attempt to imply judicial endorsement. However, Defendant's argument has already been addressed and dismissed by courts in the Northern District on numerous occasions. *E.g., De La Luz Bautista-Perez v. Juul Labs, Inc.* (N.D. Cal. Apr. 27, 2021) 2021 U.S. Dist. LEXIS 80631 *1, *17 ([c]ontrary to Defendants' argument, the Court does not find the caption at the top of page 1 to improperly imply the Court's endorsement of Plaintiffs' lawsuit"); *Bonner v. SFO Shuttle Bus Co.* (N.D. Cal. Nov. 21, 2013) 2013 U.S. Dist. LEXIS 166667 *1, *12 (finding that "use of the caption does not give a false impression of endorsement; rather, it indicates the importance of the notice and may distinguish it from junk mail"); *Flores v. Velocity Express, Inc.* (N.D. Cal. June 2, 2013) 2013 U.S. Dist. LEXIS 77821 *1, *27 (approving of the case caption at the top of the notice form considering "notices typically contain a court caption") (citation omitted).

### F. The Revised Notice Adds in Defendant's Denial of Liability

Defendant requests that the Notice include a provision reflecting that Defendant has denied liability to Plaintiff's claims, Plaintiff is amenable to include such a provision. Plaintiff added the following provision to the "Important things to know" section: "The Court has not ruled on the merits of this action or whether the case will proceed to trial. Kraken has denied any and all liability in this lawsuit." *See* Supp. Mara Dec., **Exhibit B** at ¶ 1, p.1.

### G. Defendant's Contact Information is Unnecessary and Would Only Create Confusion

Defendant argues that the Notice should include its counsel's contact information. However, this District in *Zeman* has recently settled this issue and determined that adding this information is unnecessary. *Zeman*, *supra,* 747 F. Supp. 3d at 1289. In *Zeman* the defendant similarly argued that putative collective members are not represented and have a right to communicate with Defendant or its counsel if they choose. *Id.* While the court acknowledged that previous district courts have gone both ways on the issue, the court ultimately held it "sees no reason to list defense counsel on the

notice." *Id.* Notably, "[d]efense counsel do not play a role in managing the distribution of notice or the gathering of consent forms." *Id.* Further, "[i]ncluding additional lawyers only creates the potential for confusion." *Id.*

Similarly, the Ninth Circuit district court in *Flores* followed *Zeman* and similarly held that adding defense counsel's information is inappropriate. *Flores, supra*, LLC, 2025 U.S. Dist. LEXIS 63846 at *23-24. The court held that the omitting defense counsel information actually promotes clarity:

> the omission promotes clarity—if potential opt-in plaintiffs are interested in obtaining more information before deciding whether to opt in and whether to agree to be represented by Plaintiff's counsel, it makes sense that they might wish to contact Plaintiff's counsel before making that decision. The inclusion of defense counsel's contact information could confuse opt-in plaintiffs.

*Id.* Thus, defense counsel's contact information does not need to be included in the Notice.[1] Additionally, Defendant suggests that the contact information of the Notice Administrator included. Plaintiff is amenable to this addition, which is currently reflected in the Revised Proposed Notice. *See* Supp. Mara Dec., **Exhibit B** at p. 3.

**H. Plaintiff's Exact Distribution Plan Has Been Regularly Accepted and Endorsed by This District and the Ninth Circuit**

Defendant heavily criticizes Plaintiff's Proposed Distribution Plan. Specifically, Defendant argues against the use of text message notice because it believes that email and mail is sufficient and that text messages could be invasive and costly to putative collective members. Defendant has provided no factual support or explanation for its claim that text messages would be unduly invasive or costly. Moreover, as has been the common theme throughout, Defendant's exact argument has been rejected on numerous occasions by courts in this District and in district courts within the Ninth Circuit.

---

[1] Defendant also instructs that the language telling putative collective members from refraining to contact Kraken or its counsel should be removed and replaced with the following language: "If you do decide to join this case, you should not contact Kraken's lawyer after that decision has been made." Plaintiff has adopted a similar provision to this in the Revised Proposed Notice. *See* Supp. Mara Dec., **Exhibit B** at p. 3.

In *Costa v. Apple, Inc.* (N.D. Cal. Nov. 21, 2023) 2023 U.S. Dist. LEXIS 208816 *1, the Northern District specifically rejected the defendant's argument that text message notice could be "harassing in nature" and that it would be unnecessary given notice was being sent via mail and email. *Id.* at *19. The court found that text message notice would not be invasive, "[g]iven the proposed contents of the message do not include any personal or financial information about the collective action members[.]" *Id.* at *20. Moreover, the court noted that text message notice would be a beneficial addition considering "the ubiquity of text messaging[.]" *Id.*

Likewise, in *Zeman* this District rejected the argument that text message notice would be overly intrusive and that this notice should be permitted given it "would enhance the chances of reaching the necessary individuals. *Zeman, supra,* 747 F.Supp.3d at 1287-88.

Further, in *Myers v. Gilead Scis., Inc.* (N.D. Cal. Mar. 20, 2025) 2025 U.S. Dist. LEXIS 51951 *1, this District again permitted the use of text message notice in addition to mail and email. In *Myers*, the defendant similarly argued that that text message notice was unnecessary, implicated privacy concerns, and risked causing individuals to incur monetary charges. *Id.* at *15. The court rejected these arguments and permitted text message notice considering the prevalence of text messaging and the fact that no personal or financial information would be included in the contents of the messages. *Id; see also Dominguez v. Better Mortg. Corp* (C.D. Cal. Oct. 24, 2022) 2022 U.S. Dist. LEXIS 198305 *1, *20 (noting "district courts in the Ninth Circuit and elsewhere have routinely approved notice by email, and text message in recent years"); *Holifield v. NexusCw, Inc.* (S.D. Cal. Aug. 20, 2024) 2024 U.S. Dist. LEXIS 149038 *1, *29 (finding that notice via mail, email, and text message is appropriate).

Like the cases described above, the content of the proposed text message notice does not contain any personal or financial information and is in no way invasive or harassing. Further, text message notice would only enhance the likelihood of reaching the necessary individuals considering the prevalence of text messaging in today's mobile world. Thus, the addition of text message notice is undeniably appropriate.

Defendant also takes issue with the implementation of reminder notices being sent halfway through the opt-in period. Defendant claims that this is redundant and unnecessary. In support,

1  Defendant relies exclusively on out-of-circuit authority. Again, Defendant's position has been outright
2  rejected by this District and the Ninth Circuit. Notably, the Northern District in *Costa, Zeman*, and
3  *Myers* not only permitted notice through text message, email, and mail, but also permitted reminder
4  messages be sent through these channels halfway into the opt-in period. *Costa*, *supra,* 2023 U.S. Dist.
5  LEXIS 208816 at *20; *Zeman*, *supra*, 747 F.Supp.3d at 1287-88; *Myers, supra,* 2025 U.S. Dist. LEXIS
6  51951 at *15. Meaning, this District has routinely approved and endorsed Plaintiff's exact distribution
7  plan. These reminder notices are also regularly approved across the Ninth Circuit. *See e.g.,*
8  *Dominguez*, *supra,* 2022 U.S. Dist. LEXIS 198305 at *21 (finding "reminder notices to putative
9  collective members are common, including in cases where the court has approved notice by more than
10 one means"); *Holifield, supra*, 2024 U.S. Dist. LEXIS 149038 at *30 (noting "[d]istrict courts in this
11 circuit routinely approve reminder notices") (citation omitted).
12     Following this authority, Defendant's arguments against Plaintiff's Proposed Notice and
13 Distribution Plan must be rejected and the Court is respectfully requested to grant approval.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court conditionally certify the collective action pursuant to 29 U.S.C. § 216(b) and approve Plaintiff's Proposed Notice and Distribution Plan.

**MARA LAW FIRM, PC**

Date: July 2, 2025          Signed:     */s/ David Mara*
                                        David Mara, Esq.
                                        Jill Vecchi, Esq.
                                        Matthew Crawford, Esq.
                                        Attorneys for Plaintiff Ana Rose